## Carlin et al. v. Martyak et al.

Robert J. Gillespie, Leroy Long, Joseph W. Carlin, Frank Waskevich, and Frank P. Slattery, Sr., for plaintiffs.

George I. Puhak and E. C. Marinelli, for defendants.

LEWIS, J., March 23, 1948.—This action was brought by plaintiffs, Joseph W. Carlin, Frank Waskevich and Hubert Boyle, the latter being the driver of an automobile, to recover damages alleged to have been suffered as a result of an automobile collision.

Defendants, Reverend Nicholas Martyak and Monica Martyak, filed an answer and counterclaim, denying negligence and averring that the collision and the resulting damage were caused by the negligence of Hubert Boyle, one of the plaintiffs.

Defendants subsequently filed a petition, again alleging that it was the negligence of Hubert Boyle which was the sole or contributory cause of the accident and injuries sustained by plaintiffs Joseph W. Carlin and Frank Waskevich, and asked that the proceedings as to the claims of Joseph W. Carlin, Frank Waskevich and Hubert Boyle be severed, in order to permit defendants to file a petition to join Hubert Boyle as an additional defendant in the action wherein Joseph W. Carlin and Frank Waskevich are claimants. Thus, the issue before the court is whether severance is proper in the instant case.

Plaintiff Hubert Boyle, by his counsel of record, in his petition to dismiss the petition for severance, contends among other things that the petition for severance should not be allowed on the grounds that: (1) Under the adjudicated cases (cited by counsel in his brief), severance will not be allowed where a counterclaim has been filed because all relevant questions are at issue, and (2) under Pa. R. C. P. 2252($a$), a defendant may not join as an additional defendant one already a party to the action. This court is of the opinion that plaintiff Hubert Boyle's position is not well taken.

A study of the adjudicated cases reveals a conflict in the decisions. However, the general rule seems to be that the granting of a severance rests in the discretion

of the court when the suit combines more than one cause of action: 5 Standard Pa. Practice 149.

Although Pa. R. C. P. 2229 (*a*) permitted plaintiffs, for convenience in this case, to bring a joint suit, there are involved distinct and separate cause of action. The rule merely provides for a consolidation of the causes of action for purposes of trial. The rule was never intended as a means of perpetrating an injustice.

Consequently, we conclude that under these circumstances the actions should be severed. To arrive at any other conclusion would give rise to a very unjust and inequitable situation.

In the instant case, if the damage to Joseph W. Carlin and Frank Waskevich resulted from the negligence of both drivers, to wit, plaintiff Hubert Boyle and defendant driver Reverend Nicholas Martyak, plaintiff Hubert Boyle would escape all liability insofar as the claims of Joseph W. Carlin and Frank Waskevich are concerned, by joining as a party plaintiff with the passengers, and as a result of such joinder, defendants Reverend Nicholas Martyak and Monica Martyak, would be solely answerable to Joseph W. Carlin and Frank Waskevich.

When the case comes to trial, the trial judge would be bound to instruct the jury that insofar as Joseph W. Carlin and Frank Waskevich are concerned, it must of necessity place all responsibility, if any, for the collision on defendant driver, though the weight of the evidence might disclose that both drivers were at fault. This would be a travesty of justice and clearly opposed to the intent of our Rules of Civil Procedure.

Therefore, rule to show cause why the rule for severance should not be quashed or dismissed is denied and the rule of October 31, 1947, for severance of the actions of Joseph W. Carlin, Frank Waskevich and Hubert Boyle is made absolute.